IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN R. MASON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-437-DWD |
| | ) |
| ERIC WILLIAMS, WARDEN, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner, an inmate at FCI Greenville, filed a Memorandum and Brief in Support of a Petition for Writ of Habeas Corpus (Doc. 1) ("Petition") under 28 U.S.C. § 2241, wherein Petitioner seeks to proceed under the savings clause contained in 28 U.S.C. § 2255(e). The Petition is now before the Court for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).[1]

Petitioner was charged in this District with conspiracy to distribute methamphetamine under 21 U.S.C. §§ 841 and 846. (Doc. 1, pg. 2). On September 19, 2018,

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, while the Petition is filed under § 2241, those rules may be applied here. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

Petitioner entered a plea agreement. (Doc. 1, pg. 2). Petitioner's base offense level was 38 under U.S.S.G. § 2D1.1, but that base offense level was reduced by 3 levels for his acceptance of responsibility under U.S.S.G. § 3E1.1. (Doc. 1, pg. 4). Therefore, Petitioner's total offense level was 35. (Doc. 1, pg. 4). Further, Petitioner had a criminal history category of V and a sentencing range of 262-327 months. (Doc. 1, pg. 4). On January 22, 2019, Petitioner was sentenced to 262 months of imprisonment. (Doc. 1, pg. 2). Petitioner did not file a direct appeal or an initial motion under 28 U.S.C. § 2255. (Doc. 1, pg. 2).[2]

Now, Petitioner invokes *U.S. v. Carnell*, 972 F.3d 932 (7th Cir. 2020), where the Seventh Circuit considered "whether the district court properly found that the government met its burden of proof in demonstrating that Carnell sold d-methamphetamine with a purity of 80% or more" at sentencing. *Id.* at 939. The Seventh Circuit assessed U.S.S.G. § 2D1.1 under statutory construction principles, then the "several categories" of evidence presented by the Government. *Id.* at 939-943. Ultimately, in that direct appeal, the Seventh Circuit held "[t]he evidence in this case…simply cannot support a finding that the methamphetamine was 80% pure" under U.S.S.G. § 2D1.1. *Id.* at 943. The district court erred by finding the evidence reliable by using standards applied

---

[2] In his plea agreement, Petitioner waived "the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law." *U.S. v. Mason*, No. 18-cr-40020, Doc. 57, pgs. 7-8. However, the plea agreement stated an exception to this waiver of a direct appeal or collateral attack, related to the substantive reasonableness of the term of imprisonment, if, *inter alia*, "the sentence [was] imposed…in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater)." *Id.* at 8.; *see also Keller v. U.S.*, 657 F.3d 675, 681 (7th Cir. 2011) ("A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as a part of his plea agreement…[and] [w]e have generally upheld and enforced these waivers, with limited exceptions."). Petitioner's arguments fall within this exception; therefore, the Court will assess the Petition in this case, despite the waiver.

2

to evidence of drugs for which the sentencing guidelines do not require a particular level of purity. *Id.* at 943-44. The credibility of the other defendants' testimony was not the issue; rather, "the[] vague descriptions d[id] not meet the government's burden of proof that the drug they were distributing…was 'd-methamphetamine hydrochloride of at least 80% purity,' as described by U.S.S.G. § 2D1.1, note C." *Id.*

Under this authority, Petitioner argues the sentencing court erred in finding he sold d-methamphetamine with a purity of 80% or more, as described in U.S.S.G. § 2D1.1. As in *Carnell*, Petitioner suggests the sentencing court erred by finding the evidence reliable under standards applied to drugs for which the sentencing guidelines do not require a particular level of purity. (Doc. 1, pgs. 3, 7). Instead of scientific testing, lab reports, or forensic evidence, Petitioner suggests there was only an assumption that the methamphetamine was "ICE." (Doc. 1, pg. 5). Petitioner states there is a difference between "actual methamphetamine" and a "methamphetamine mixture" under the sentencing guidelines, such that the latter form of methamphetamine should have resulted in a lower base level offense at his sentencing. (Doc. 1, pgs. 3-6). In sum, Petitioner states the sentencing court's error allegedly "caused the Petitioner to be sentenced at an offense base of 38 rather than 34." (Doc. 1, pgs. 5, 7). Petitioner argues he should have been sentenced at a total offense level of 31, after subtracting 3 levels for acceptance of responsibility, and a range of 168 to 210 months. (Doc. 1, pgs. 5, 7). In his prayer for relief, Petitioner requests a resentencing within that range. (Doc. 1, pg. 8).

Generally, a federal prisoner must collaterally attack his or her conviction or sentence under § 2255. *See Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022) (quoting

3

*Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019)). As a matter of fact, in most cases, § 2255 is the exclusive postconviction remedy for a federal prisoner. *See id.* (quoting *Purkey v. U.S.*, 964 F.3d 603, 611 (7th Cir. 2020)). However, the savings clause contained in § 2255(e) provides: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him…*unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*." 28 U.S.C. § 2255(e) (Emphasis added.).

In other words, if § 2255 is an ineffective or inadequate means to test the legality of a prisoner's detention, then relief may be granted under § 2241. *See Mangine*, 39 F.4th at 447 (quoting 28 U.S.C. § 2255(e)); *accord Santiago v. Streeval*, 36 F. 4th 700, 705-06 (7th Cir. 2022). Section 2255 is inadequate or ineffective in this respect when "it did not give the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.' " *Santiago*, 36 F. 4th at 706 (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). A petitioner must demonstrate that a structural problem with § 2255 foreclosed even one round of effective collateral review, unrelated to his or her own mistakes. *See Franklin v. Keyes*, 30 F.4th 637, 642 (7th Cir. 2022) (quoting *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016)).

A three-part test determines whether a federal prisoner may proceed under § 2255(e). *See Mangine*, 39 F.4th at 447. The Court considers: (1) whether the petitioner's claim relies on a case of statutory interpretation, rather than a case of constitutional principles, so it could not be brought in a second or successive § 2255 motion; (2) whether

4

the new rule or claim applies retroactively on collateral review and could not have been invoked in a first § 2255 motion; and (3) whether the error is so grave that it constitutes a miscarriage of justice. *See id.* (quoting *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)); *Santiago*, 36 F.4th at 706; *Brown v. Krueger*, 25 F. 4th 526, 528 (7th Cir. 2022); *see also Franklin*, 30 F.4th at 637; *Gamboa v. Daniels*, 26 F.4th 410, 416 (7th Cir. 2022).[3]

Here, the Court **FINDS** Petitioner cannot proceed under § 2255(e)'s savings clause. The Court emphasizes that Petitioner has never requested initial relief under § 2255. *See Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because…the one-year statute of limitations has expired…[as] [t]he provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."). This is despite the fact that the arguments now presented to the Court are based on the sentencing guidelines and clearly challenge the *imposition* of the 262-month sentence. *See McCall v. U.S.*, 304 Fed. Appx. 449, 450 (7th Cir. 2008) (stating, in case where the petitioner attacked the imposition of his sentence based on a misapplication of U.S.S.G. § 5G1.3, a "challenge[] [to] the *imposition* of [a] sentence…is a contention ordinarily raised only under § 2255, [citation], whereas challenges to the *execution* of a sentence are generally brought under § 2241") (citing

---

[3]This test "is not without controversy." *See Mangine*, 39 F.4th at 447. It involves, *inter alia*, "difficult choice of law question[s]" and a question of whether the change in law must come from the Supreme Court. *See id.*; *Guenther v. Marske*, 997 F.3d 735, 741 n.3 (7th Cir. 2021) ("[W]e have not been consistent about whether the change in law must come from the Supreme Court or can come from a court of appeals. [Citation]. Though we have at times said that the new decision must come from the Supreme Court, we have elsewhere said that a new circuit-level decision will suffice."). As the Seventh Circuit has noted, "the Supreme Court has agreed to hear a case…to resolve a circuit split on the availability of § 2255(e) savings clause relief for statutory interpretation claims." *See Mangine*, 39 F.4th at 447 (citing *Jones v. Hendrix*, 8 F.4th 683 (8th Cir. 2021), *cert. granted*, No. 21-857, --- U.S. ----, 142 S. Ct. 2706, 212 L.Ed.2d 777 (U.S. May 16, 2022)).

*Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Valona v. U.S.*, 138 F.3d 693, 694 (7th Cir. 1998) (Emphasis added.)).

Further, even assuming Petitioner may rely on *Carnell*, he cannot satisfy either of the latter two parts of that three-part test. As for the second part of the three-part test, notwithstanding the waiver contained in his plea agreement, Petitioner was not categorically barred from presenting his arguments on direct appeal or in initial § 2255 proceedings and it would not have been "futile" for him to do so, as the law was not squarely against Petitioner at that time. *See Montana v. Cross*, 829 F.3d 775, 784 (7th Cir. 2016). Indeed, the issue presented in *Carnell*, on which Petitioner claims reliance, was novel. *See Carnell*, 972 F.3d at 938-45; *see also Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2014) (noting, in cases where a prisoner is required to show an argument was foreclosed by binding precedent at the time of his or her direct appeal and initial § 2255 motion, the Seventh Circuit "reasoned that 'the fact that a position is novel does not allow a prisoner to bypass section 2255' "); *accord Hill v. Werlinger*, 695 F.3d 644, 648-49 (7th Cir. 2012) (same); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) (same); *Prevatte v. Merlak*, 865 F.3d 894, 898-99 (7th Cir. 2017) (applying rule and holding the petitioner could have raised his argument in a direct appeal or an initial § 2255 motion since "[s]uch an argument was not foreclosed by circuit precedent").

Next, as to the third part in the three-part test, Petitioner's arguments challenge the sentencing court's calculations under the sentencing guidelines. He seeks a resentencing under a lesser guideline range. (Doc. 1, pg. 8). However, those guidelines have been advisory since the Supreme Court's decision in *U.S. v. Booker*, 543 U.S. 220

6

(2005); *see also Perry v. U.S.*, 877 F.3d 751, 754 (7th Cir. 2017) ("Since *Booker*, the Supreme Court has reinforced its decision that the guidelines are advisory."). Thereafter, the Seventh Circuit held "the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum." *See U.S. v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014); *accord Hawkins v. U.S.*, 724 F.3d 915, 916 (7th Cir. 2013) ("[A]n error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had…been sentenced in the pre-*Booker* era, when the guideless were mandatory rather than merely advisory.").

Here, the sentencing guidelines were advisory, not mandatory, when Petitioner was sentenced in January 2019, which was well after the *Booker* decision. *See Perry*, 877 F.3d at 754; *Coleman*, 763 F.3d at 708-09; *Hawkins*, 724 F.3d at 916. Further, Petitioner's sentence of 262 months of imprisonment was well below the statutory maximum of life imprisonment under 21 U.S.C. § 841(b)(1)(A). *See Hawkins*, 724 F.3d at 916-17 (noting the case did not involve a claim of constitutional error, such as a sentence exceeding the statutory maximum; rather, "[t]here [wa]s just a claim that the sentencing judge miscalculated the advisory guidelines range and *might* have given a lower sentence had he not miscalculated it); *Hanson v. U.S.*, 941 F.3d 874, 878 (7th Cir. 2019) ("An error that may have occurred in calculating the Guidelines range does not constitute a 'miscarriage of justice' when the 'sentence is well below the ceiling imposed by Congress.' [Citation]."). Accordingly, Petitioner cannot satisfy the third part of the three-part test.

7

*See Hawkins*, 724 F.3d at 917 ("[I]t doesn't follow that postconviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly.").

For these reasons, the Court **FINDS** the savings clause in § 2255(e) affords Petitioner no relief. The Petition for Writ of Habeas Corpus under § 2241 is **DISMISSED with prejudice**. If Petitioner wishes to appeal this dismissal, he must file a notice of appeal within sixty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B)(iii). A motion for leave to appeal *in forma pauperis* must comply with Federal Rule of Appellate Procedure 24(a)(1). If Petitioner appeals and is granted leave to proceed *in forma pauperis*, he must pay a portion of the filing fee to pursue the appeal (the amount to be determined based on Petitioner's prison trust fund account records for the past six months), irrespective of the outcome of that appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(a)(2), (e)(2). A proper and timely motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Petitioner need not obtain a certificate of appealability. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**SO ORDERED.**

Dated: April 13, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge